[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an action for trespass heard by the court without a jury after plaintiffs rejected the arbitrator's award filed on March 6, 1991. Michael J. Shea and Gail A. Shea ("plaintiffs") seek damages caused by the alleged trespass of Brando Associates, Inc. ("defendant"). Decision is here rendered in accordance with Super. Ct. R. Civ. P. Rule 52.
FACTS
Plaintiffs own property described as Assessor's Plat 8, Lot 26 on Durfee Hill Road in the Town of Glocester. Defendant owns property adjacent to plaintiffs' land, described as Assessor's Plat 8, Lot 24. Plaintiffs' property, according to the testimony of Michael J. Shea, is approximately seven (7) acres. The front two (2) acres contain plaintiffs' home while the back five (5) acres are described as a heavily wooded "buffer zone." Plaintiff Michael J. Shea testified that the wooded area was in excellent condition, prior to the incident in question.
Mr. Shea further testified that when he was on his property on October 10, 1987, he smelled the odor of newly plowed earth. While trying to locate the source of the odor, Mr. Shea discovered that someone had plowed a strip of land eight (8) to ten (10) feet wide and 300 feet long onto his property. Mr. Shea further testified that at this time he observed a number of trees and shrubs which were uprooted or otherwise destroyed.
Plaintiffs introduced into evidence the deposition of William Durkin of Durkin Construction. Mr. Durkin testified that defendant hired Durkin Construction to bulldoze a road through defendant's property in Glocester. According to Mr. Durkin's testimony, a Durkin Construction Company employee did bulldoze the road, following the instructions of Paul Branchaud, an officer of defendant corporation. Defendant presented no evidence in rebuttal.
Norman Therien, a registered engineer and surveyor, examined the bulldozed path and the maps of plaintiffs' and defendant's property. Mr. Therien testified that the path bulldozed by Durkin Construction, per the instructions of defendant, did in fact cross through plaintiffs' property for approximately 300 feet. Defendant presented no evidence in rebuttal.
DISCUSSION
Plaintiff has based his complaint on R.I.G.L. 1956 (1984 Reenactment) § 34-20-1. This section provides that:
 Every person who shall cut, destroy, or carry away any tree, timber, wood, or underwood whatsoever, lying or growing on the land of any other person, without leave of the owner thereof, shall for every such trespass, pay the party injured twice the value of any tree so cut, destroyed, or carried away; and for the wood or underwood, thrice the value thereof; to be recovered by civil action.
The element of intent is absent from the language of the statute.
The undisputed evidence demonstrates that defendant ordered Durkin Construction to bulldoze a road through defendant's property. Further, the undisputed testimony of Mr. Therien demonstrates that Mr. Durkin, as an agent for defendant, bulldozed through plaintiffs' property.
Section 34-20-1 provides that the trespasser shall pay as damages twice the value of the tree destroyed or carried away and three times the value of any wood or underwood. This court heard witnesses for the plaintiffs and the defendant concerning the value of the trees and underwood.
Charles Meinel, president of Pippin Orchard Nurseries, testified for plaintiffs on the issue of damages based on his estimate made in August, 1990. Mr. Meinel's estimate for the replacement of destroyed trees, underbrush, and groundcover plants totaled $33,941.90. The estimate breaks down as follows:
 approximately 26 hardwood trees at $500 each: $13,000.00
 30 deciduous plants (underbrush) $40.00 each: $1,200.00
 300 ground coverplants (ferns) $5 each: $1,500.00
 incidentals $160.70
 taxes $1,110.25
 labor $16,970.95
 _________
 TOTAL $33,941.00

Andrew Brien, a consulting forester, testified on behalf of defendant. Mr. Brien based his $10.00 estimate, not on the cost to replace the trees but on the value of the destroyed trees as timber. In contrast to Mr. Meinel, Mr. Brien, who examined the site in March 1988, testified that only nine (9) trees rather than 26, were destroyed by the bulldozing. Mr. Brien further noted that three (3) additional trees had been destroyed but believed they had been "blown over." These nine (9) trees, according to Mr. Brien, are the equivalent of one half cord which was worth $10.00 at the time of the 1988 estimate.
This court is here presented with a piece of undeveloped woodland wherein the plaintiffs' and the defendant's experts have attempted to count the trees as well as the underbrush and cover ground plants beneath the trees. The plaintiff counted, in addition to plants, 24 to 28 trees among which he noted were an unspecified number of American Chestnut, Maples, Black Gurn, Oaks, Birch, and Sassafras. The defendant counted nine common species of hardwoods of 1.5-5 inches in diameter and three common species "that looked as though they were blown over." Even assuming, arguendo, the appropriateness of plaintiffs' August 14, 1990 estimate, Mr. Meinel's testimony is neither acceptable nor persuasive.
After examining the pictures in evidence, this court finds that the damage to the plaintiff's property was minimal. The court further finds that plaintiff has not met his burden of proof with respect to the number of trees destroyed. Mr. Brien's estimate of the tree destruction is better supported by the pictures in evidence. The photos do not substantiate plaintiffs' allegations. Rather, they are vividly supportive of defendant's assertion that the damage was de minimus.
Although mathematical exactitude is not required in assessing damages, this court's award must be based on reasonable and probable estimates. White v. LeClec, 444 A.2d at 850. It is the plaintiff who must provide ". . . sufficient evidence for the trier to make a fair and reasonable effort." Tiger LeeConstruction Co. v. Loewenberg, 471 A.2d 665, 669 (Conn. App. 1984). Pursuant to § 34-20-1, the plaintiff's burden of proof in the case at bar is to establish the value of "any tree so cut destroyed or carried away" and the value of the wood and underwood. § 34-20-1.
Thus, in determining the cost of replacement, the court must assess the damages as of the date of injury. Tortalano,supra. Mr. Meinel's estimate of the replacement costs was made in August, 1990, nearly three years after the injury. In presenting these 1990 values to this court, plaintiff has failed to meet his burden of establishing a value for that which was destroyed in 1987.
After reviewing the pictures submitted as evidence and evaluating same in light of all the evidence presented, this court finds that plaintiffs are entitled to recover the loss of one half cord of wood times three — $30.00.
Order to enter.